UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO CASILLAS, | ) | Civil No.10cv1461 NLS |
| Petitioner, | ) ) | **ORDER DENYING PETITION FOR** |
| v. | ) ) | **WRIT OF HABEAS CORPUS** |
| DOMINGO URIBE, JR., Warden, | ) ) | [Doc. No. 1] |
| Respondent. | ) ) | |

Fernando Casillas (Casillas or Petitioner), a California prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court (Petition). Petitioner contests his confinement and claims his fifth, sixth and fourteenth amendment rights to due process and a fair trial were violated because the trial court erroneously instructed the jury. Specifically, he argues that the trial court committed error when it instructed the jury on circumstantial evidence under CALCRIM No. 224 instead CALCRIM No. 225. Respondent filed an answer, arguing that the court should deny the Petition in its entirety because the state court determinations were not contrary to, or an unreasonable application of, clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented. Petitioner filed a traverse. Both parties consented to magistrate judge jurisdiction. Pet'n at 11; Answer at 3.

This court has reviewed the Petition, answer, traverse, and the complete record in this case. After a thorough review, the court **ORDERS** that the Petition be **DENIED** in its entirety.

///

## PROCEDURAL BACKGROUND

Casillas went through a first trial that resulted in a hung jury. Lodgment 2 at 282. In a retrial, a jury convicted Casillas of one count of robbery and one count of assault with a deadly weapon on April 22, 2008. Lodgment 2 at 400-402. For both counts, the jury found true that Casillas personally used a firearm and personally used a deadly weapon. *Id.* For the first count, the jury also found true an allegation that Casillas intentionally and personally discharged a firearm. *Id.*

On September 9, 2008, the trial court sentenced Casillas to 22 years in prison. Lodgment 2 at 520. Casillas timely appealed. Lodgment 1 at 193.

The California court of appeal denied Casillas' appeal and affirmed his convictions on November 10, 2009. Lodgment 6. Casillas filed a petition for review with the California Supreme Court on December 22, 2009. Lodgment 7. That court summarily denied without comment the petition for review. Lodgment 8.

Casillas filed this Petition on July 12, 2010. Respondent filed an answer, and Casillas filed a traverse.

## FACTUAL BACKGROUND[1]

On the night of April 27, 2007, Donald Freeman and Maria Hector were in Freeman's parked van watching a DVD movie. Freeman sat in the driver's seat while Hector was seated on the back seat. Two men, later identified as Casillas and Noe Perez, approached the passenger side of the van and signaled for Freeman to roll down the window. Freeman unlocked the doors and the two men rushed into the van. Perez tried to stab Freeman in the stomach. Freeman fought back but sustained a stab wound to his leg. Casillas fired a gun aimed at Freeman's head, but missed. Freeman was able to get out of the van and run away without being shot. As he ran, he heard a second shot being fired. Freeman watched from a distance and saw Casillas and Perez get out of the van and leave the immediate area. Freeman returned to the van. After confirming that Hector was unharmed, he picked up the keys to the van which were lying on the ground outside the passenger door, and proceeded to follow Casillas and

---

[1] This court quotes verbatim the factual background of the California court of appeal's opinion. Lodgment 6. *See* 28 U.S.C.§ 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct"); *Sumner v. Mata*, 449 U.S. 539, 545-47 (1981) (deference is owed to factual findings of state trial and appellate courts); *Garvin v. Farmon*, 258 F.3d 951, 952 (9th Cir. 2001) (paraphrasing facts from the state court opinion).

Perez in the van. While driving, Freeman called 911. Freeman described his assailants as two Hispanic males wearing blue jeans with one assailant wearing a blue striped shirt and the other wearing a solid blue shirt.

Police officers Pollom and Nigro separately responded to the 911 call. As Officer Pollom approached the two suspects, he saw Casillas kneel beside the front tire of a parked car. After Officers Pollom and Nigro handcuffed the suspects, Officer Pollom found a gun where Casillas had been kneeling. Three of the six shells had been fired. Officer Pollom also impounded a folding knife he found wedged in a fence nearby. The officers retrieved from Perez a black bag containing Freeman's portable DVD player and DVDs.

After the arrest, Freeman identified Casillas as the individual who shot [at] him. He identified Perez as the individual who attacked him with the knife. Freeman did not identify Casillas or Perez at a preliminary hearing. At trial, Freeman identified the two men and explained that he had not identified them at the preliminary hearing because he was scared.

Hector testified that although she saw only one person get in the van, there could have been two people. She also testified to seeing a gun and hearing a gunshot. She said the individual had been wearing a blue striped shirt. Hector testified that the shirt Casillas had been wearing at the curbside lineup was not similar to the shirt worn by the man who she saw enter the van.

A ballistics expert testified that the bullet recovered from the driver's side door of Freeman's van matched the revolver that the officers found at the scene. DNA tests performed on the gun by a criminalist showed there were three different contributors. Perez and Freeman were excluded as having contributed to the sample, but Casillas could not be excluded as a contributor. The criminalist testified that 1 in 130 persons in the Hispanic population would be identified as possible contributors.

Casillas requested the court instruct the jury with CALCRIM No. 225, which focuses on circumstantial evidence to prove intent. After reviewing both CALCRIM No. 224 and CALCRIM No. 225, the trial court denied the request and instructed the jury on how to consider circumstantial evidence in accordance with CALCRIM No. 224.

Lodgment 6 at 2-4.

/ / /

### LEGAL STANDARD

**AEDPA Governs this Petition.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  Under AEDPA, a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).  "Clearly established federal law," for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A federal habeas petition must allege a deprivation of one or more federal rights; the federal court will not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

**Decisions that Contradict or Unreasonably Apply Federal Law.**

A federal habeas court may grant relief where the state court (1) decides a case "contrary to" federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2) decides a case differently than the Supreme Court on a set of indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A federal court may also grant habeas relief where a state court decision is an "unreasonable application" of federal law, such as where the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies those decisions to the facts at issue. *Id.*

The state court decision must be more than incorrect or erroneous; to warrant habeas relief the state court's application of "clearly established federal law" must be "objectively unreasonable." *Lockyer*, 538 U.S. at 75.  "Objectively unreasonable" differs from "clear error" in that a federal court cannot grant habeas relief only because it believes the state court erroneously or incorrectly applied "clearly established federal law;" the application must be objectively unreasonable. *Id.* at 75-76 (internal citation omitted).

/ / /

**Decisions Based on an Unreasonable Determination of Facts.**

Section 2254(e)(1) provides: "[a] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*

**Review of State Court Decision.**

If the State Supreme Court silently denies a Petitioner's appeal with a summary dismissal, the reviewing federal habeas court must look through to the last reasoned state court opinion in making a decision. *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). Where no reasoned state court decision addresses a petitioner's claim, the reviewing federal court must conduct "an independent review of the record" to determine whether the state court's decision is objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). Here, the decision from the California Court of Appeal is the last reasoned state court decision addressing Petitioner's claims.

DISCUSSION: WHETHER CALIFORNIA COURTS REASONABLY REJECTED

PETITIONER'S INSTRUCTIONAL ERROR CLAIM

**A.    Jury Instructions in the Trial Court.**

At trial, the court instructed the jury with CALCRIM No. 223, which explains the difference between proving facts by direct evidence or by circumstantial evidence. Lodgment 2 at 350. As for the specific instruction regarding circumstantial evidence, Casillas requested that CALCRIM No. 225[2] be given, which goes to proving intent and/or mental state by circumstantial evidence. Lodgment 2 at 325.

---

[2]CALCRIM No. 225 reads: The People must prove not only that the defendant did the acts charged, but also that (he/she) acted with a particular (intent/ [and/or] mental state). The instruction for (the/each) crime [and allegation] explains the (intent/ [and/or] mental state) required. [¶] A[n] (intent/ [and/or] mental state) may be proved by circumstantial evidence. [¶] Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to conclude that the defendant had the required (intent/ [and/or] mental state), you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant had the required (intent/ [and/or] mental state). If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions supports a finding that the defendant did have the required (intent/[and/or] mental state) and another reasonable conclusion supports a finding that the defendant did not, you must conclude that the required (intent/ [and/or] mental state) was not proved by the circumstantial evidence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

The trial court, however, instructed the jury on circumstantial evidence with CALCRIM No. 224,[3] which is a more general instruction on circumstantial evidence. Lodgment 2 at 350-351. The trial court denied Casillas' request for CALCRIM No. 225 because there was circumstantial evidence that went to other issues besides intent and because CALCRIM No. 224 would include the issues addressed in CALCRIM No. 225. Lodgment 2 at 325-326.

### B.   Instructional Error Claims.

"[S]tate courts are the ultimate expositors of state law[.]" *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Because claims for error in jury instructions generally present state law questions, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

The exception to the bar on habeas relief for faulty jury instructions is "'whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process.'" *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (quoting *Estelle*, 502 U.S. at 72). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). A federal court examining a federal habeas petition determines whether the petitioner's fourteenth amendment rights were violated due to instructional error by looking at the total context of events at trial: "not only is the challenged instruction but one of many such instructions, but the process of instruction itself is but one of several components of the trial which may result in the judgment of conviction." *U.S. v. Frady*, 456 U.S. 152, 169 (1982) (citing *Cupp*, 414 U.S. at 147).

### C.   Whether State Courts Violated Due Process and Fair Trial Rights.

Petitioner argues that the instruction of CALCRIM No. 224 was given in error because the jury

---

[3]CALCRIM No. 224 reads: Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to find a defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

should have received an instruction on how to evaluate circumstantial evidence solely to prove specific intent. Pet'n at 6. He argues that the prosecution's entire case rested solely on Petitioner's specific intent to assault the victim and to discharge the firearm, and that circumstantial evidence did not address any other issues. *Id.* Petitioner further argues that the failure to use CALCRIM No. 225 relieved the prosecution of its burden to prove each element of robbery and intentional discharge of a firearm beyond a reasonable doubt. Traverse at 3.

This court agrees with the appellate court's analysis and conclusion that the giving of CALCRIM No. 224 did not result in instructional error. After clarifying the difference between direct and circumstantial evidence, the court of appeal explained how CALCRIM No. 224 was not an improper instruction because it includes CALCRIM No. 225, and that CALCRIM No. 225 is proper only where "intent or mental state is the only element of the offense that rests substantially or entirely on circumstantial evidence":

> In that [*People v. Marshall* (1996) 13 Cal.4th 799] case, the trial court properly instructed the jury with CALJIC No. 2.01 (predecessor to CALCRIM No. 224) instead of CALJIC No. 2.02 (predecessor to CALCRIM No. 225). The appellate court concluded that CALJIC No. 2.01 was "the more inclusive instruction" on the sufficiency of circumstantial evidence. (*People v. Marshall, supra*, at p. 849.) Because intent or mental state for premeditated and deliberate murder was not the only element of the offense that rested substantially or entirely on circumstantial evidence, the use of CALJIC No. 2.01 was proper. (*People v. Marshall, supra*, at p. 849.)

Lodgment 6 at 5-6.

The court of appeal then detailed how circumstantial evidence was used to prove elements other than Petitioner's mental state, such as his identity and personal use and discharge of the handgun:

> The shirt that Casillas wore was similar to the shirt described by Freeman during his 911 call. Casillas and Perez were found walking in the area where the incident had occurred and in the direction that Freeman had described during the call. Perez was carrying a DVD player and DVD when he was stopped by the officers. Officer Pollom's testimony that he saw Casillas kneel next to the location where the gun was recovered and the bullets recovered from the gun provide circumstantial evidence that Casillas had used it. Finally, Casillas could not be excluded as a contributor to the DNA found on the gun. These facts are circumstantial evidence because they do not directly prove that Casillas was the perpetrator, but instead require a logical and reasonable inference from the fact finder. (Evid. Code, § 410.)

1  Lodgment 6 at 7.

2      The court of appeal also identified the circumstantial evidence used to establish the firearm
3  enhancements:

> Each enhancement required proof that Casillas personally used and intentionally and personally discharged a firearm during the robbery. The People again relied on Officer Nigro's testimony that Casillas was seen kneeling next to the location where the gun was discovered. In addition, Casillas could not be excluded as a contributor to the DNA found on the gun. Although this evidence did not directly show Casillas used and intentionally discharged the gun, it required a logical and reasonable inference from the fact finder and thus constitutes circumstantial evidence. (Evid. Code, § 410.)

Lodgment 6 at 7.

    After the appellate court concluded that the CALCRIM 224 instruction was not given in error, it explained that even if there was any error, that error was not prejudicial:

> CALCRIM No. 224 and CALCRIM No. 225 are substantially the same. Both . . .instruct the jury on how to evaluate circumstantial evidence. The only difference between the two instructions is that CALCRIM No. 225 specifically focuses the jury on the intent element. Under the more stringent *Chapman* test, we conclude, beyond a reasonable doubt, that "the guilty verdict actually rendered in this trial was surely unattributable to [instructional] error. [Citation omitted.]

Lodgment 6 at 8-9.

    Petitioner has not shown that use of CALCRIM No. 224 was improper under California law. Further he provides no evidence to support his claim that the circumstantial evidence presented addressed solely specific intent. This court, therefore, finds that in light of the context of the entire trial, the trial court's decision not to instruct on circumstantial evidence that went solely to specific intent did not so infect the trial as to result in a violation of due process. The state court records support proper use of CALCRIM No. 224 in this case because circumstantial evidence addressed issues other than specific intent. Further, any alleged error would not have so infected the trial so as to result in a due process violation because, as the court of appeal noted, the guilty verdict would not have been attributable to any alleged error in instruction.

    The court of appeal's decision was not an unreasonable determination of facts or application of clearly established Supreme Court law. This court therefore **DENIES** the Petition for habeas relief on Petitioner's claim that the trial court erred in giving jury instruction CALCRIM No. 224.

## CONCLUSION

For all of the foregoing reasons, the court (1) **DENIES** the Petitioner's writ of habeas corpus; (2) (2) directs the Clerk to enter Judgment denying the Petition; and (3) denies a certificate of appealability.

**IT IS SO ORDERED.**

DATED: November 22, 2010

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court